1823.

Ratrie
vs
Wheeler

R. *Johnson*, for the appellant, referred to 1 *Lofft's Gilb.* 279. 2 *Bac. Ab.* tit. *Evidence*, (K) 663, and 2 *Esp. Dig.* 519.

No counsel appeared for the appellee.

The opinion of the court was delivered by

BUCHANAN, J. We can perceive no good reason why the evidence offered and rejected should not have been received in corroboration of what was sworn to in the deposition of Doctor *Kingsmore*, a sufficient foundation for that corroborating testimony being laid by the plaintiff, in offering evidence that *Kingsmore* was not present at the birth of any of Mrs. *Cooke's* children, which was substantially to impeach his credibility. And where the credibility of a witness is attacked by the opposite party, his prior declarations may be given in evidence to show his consistency. We think, therefore, that the court below erred in not suffering the evidence offered in this case in support of the testimony of *Kingsmore*, as contained in the deposition, to go to the jury.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

***

RATRIE *vs.* WHEELER'S EX'R.

JUNE.

A copy of the will of E. W. of *Virginia*, was exhibited and proved in this state, and letters testamentary granted to one of the executors therein named, the other having renounced. Before granting the letters, suit had been brought, in the name of the exe cutor to whom letters were afterwards granted, and who before the letters grant ed declared in the action and made profert—*Held*, that the action could not be sustained.

APPEAL from *Montgomery* county court. Debt on a single bill, executed on the 25th of July 1818, by appellant, (the defendant in the court below,) to the appellee's testatrix, *Elizabeth Wheeler*. The writ issued on the 26th of January 1820. The profert made of the letters in the declaration, which was filed at March term 1821, was as follows: "As the letters testamentary of said *Elizabeth*, whereby it sufficiently appears to the court here, that the said *Robert* is executor of the testament and last will of the said *Elizabeth*, and hath the execution thereof." The defendant pleaded *ne ungues executor*, and issue was joined on the general replication.

At the trial the plaintiff, (now appellee,) read in evidence the single bill upon which the action was founded, and the letters testamentary granted, on the 25th of May 1821, by the orphans court of *Montgomery* county, to the plaintiff, in which letters it stated, "that a copy of the last will and testament of *Elizabeth Wheeler*, of *Water-*

*ford*, in the county of *Loudon*, and state of *Virginia*, de- <span></span>ceased, hath in due form of law been exhibited, proved and recorded, in the office of the register of wills for *Montgomery* county, a copy of which is to these presents annexed, and administration of all the goods, &c. of the deceased, is hereby granted and committed unto *Robert Baden*, one of the executors by the said will appointed, the renunciation of *Henrietta Conn* being proved and recorded." The plaintiff there rested his case. The defendant then prayed the court to instruct the jury, that in this action the plaintiff is not entitled to recover; which the court [*Kilgour*, A. J.] refused to do. The defendant excepted, and appealed.

The cause was argued before BUCHANAN, EARLE, MARTIN, and DORSEY, J.

*B. Forrest*, for the Appellant, contended, 1. That the appellee had no power to sue when the action was commenced, there being two persons named executors in the will, and this suit was brought in the name of one before letters were granted.

2. That if the appellee was authorised to commence the suit before letters were granted, he could not declare before probate of the will.

3. That the appellee could not qualify as executor in this state on producing a *copy* of the will.

4. That the paper produced as letters testamentary did not support the profert made in the declaration. He referred to 3 *Bac. Ab.* tit. *Executors and Administrators*, (E 14,) 53. *Roll's Ab.* 914. *Sir T. Raym.* 481, and the act of 1798, *ch.* 101, *sub ch.* 3, *s.* 13.

*Magruder*, for the Appellee, referred to *Sewell vs. Hepburn*, in this court at June term 1818.

JUDGMENT REVERSED.

---

HEWITT and RUSSELL *vs.* THE STATE, use of BROWN.

APPEAL from *Baltimore* county court. This was an action of debt brought upon *John Chalmers'* bond as sheriff of *Baltimore* county, dated the 28th of December 1814. By consent of parties the cause was referred without any

JUNE.

If an award discloses the ground taken by the arbitrator in forming his opinion, the case is open to the inquiry, whether he committed